Smith, J.
The petition of Rife filed in the court of common pleas alleged that on October 17, 1889, he made a contract with the defendant, Mrs Stichtenoth, whereby he undertook to do certain grading and sodding on her premises, at the price of thirty cents a square yard, which she agreed to pay him therefor. That he did the work which amounted to the sum of $416.76, on whichshepaid $214, leaving a balance of $202.76, for which, with interest, he asked a judgment against her.
The answer of the defendant admits the payment by her to the plaintiff of $214, but denies every other allegation of the petition.
On the trial the plaintiff proved that on the 17th of October, 1889, a written contract for the doing of this work, on the terms mentioned, was signed by himself and by “Amanda E. Stichtenoth, per Win. Stichtenoth, Jr.” There was no evidence tending to prove that Mrs. Stichtenoth ever authorized her husband to make or sign this, or any other contract, with plaintiff'. The work in question was done on a lot on which a new house for renting purposes had been erected. The improvements made thereon seem to have been done under the direction of Wm. Stichtenoth, Jr., and the only evidence as to the ownership of the lot was the statement of the counsel for. plaintiff, and the admission of the fact by the counsel for defendant, that there was a deed on record from Edward S. to Amanda E. Stichtenoth, dated June 1, 1889, conveying this property to her. The plaintiff never had any conversation with Mrs. Stichtenoth in regard to the work, and, indeed, says he never saw her; and there is no evidence that tends to show that she had any knowledge that this work was ever done, other than this: She and her husband lived in *542 another house, about a square distant from this lot, and if she had looked in that direction while the work was in progress, she might have seen it. The plaintiff also proved that the payments made to him on the work were in fact made by the husband, and not by the wife, and there was nothing that showed that they were made with her knowledge, or that in any other way she had knowledge of, or ratified this written contract.
On this state of facts, counsel for the defendant objected to the introduction of the written contract as evidence in the case, but it was admitted by the court, and the defendant excepted. At the close of the plaintiff’s evidence, the defendant moved the court to direct the jury to return a verdict for the defendant, which was refused, and exception taken. No evidence was offered by the defendant.
The court charged the jury substantially that, under the provisions of sec. 3192, Revised Statutes, “ if this work was done on premises belonging to the defendant, under a contract with her husband, and she had knowledge that it was done, and made no express objections to the same, that the husband must be deemed to be her duly authorized agent, and that she would be liable upon such written contract, this soiling, sodding and grading being an appurtenance to the buildings and the land.
A verdict having been rendered in favor of the plaintiff, a motion for a new trial was filed on behalf of defendant, on the grounds that the court erred in the rulings before stated, and that the verdict was against the evidence. This was overruled.
As to the case thus presented, we are of the opinion :
1st. That aside from the question arising under sec. 3192, Revised Statutes, there was no evidence which tended to show that the defendant ever authorized her husband to make any contract with Rife, or that she ever ratified it. It is true that her answer admits that she has paid the plaintiff $214.00, but the plaintiff’s own evidence is express that all of these *543 payments were made by the husband, she having nothing to do with them. But if she is to be held to her admission made in the answer, that she made the payments, there is nothing to show that at the time she did so, she had any knowledge whatever of the written contract, or that plaintiff claimed under it. As a general rule knowledge is necessary to ratification of an unauthorized act. Even if she had known that plaintiff had done this work, and she had made payments to him, whatever effect it might have to make her liable on a quantum meruit for the work done, it could not be held to ratify a contract made by somebody else wholly without her authority, or without knowledge on her part when she made the payments. The question in this case is not whether she is liable for the value of the work by which she may have been benefited, but is she liable on this written contract.
2nd. We think that section 3192 does not apply to this case. The chapter of which it is a part, gives a lien to a person who performs labor, or furnishes material for constructing, altering or repairing certain buildings and structures specifically mentioned, by virtue of a contract with the owner or his authorized agent, on the interest of the owner in the lot or land upon which such structure stands. Section 3184 specifies, among others, a boat, “ house, mill, manufactory, or any furnace or furnace material therein, or other building, appurtenance, fixture,” etc. And section 3186 extends it to “ any street, turnpike, road, sidewalk, way, drain, ditch or sewer.” It seems clear that work and labor, or materials furnished for grading and sodding ground, can not fall under any of the buildings or structures mentioned, unless it be an “ appurtenance, ” as the court held it was. It seems however to us, that it does not come within either the legal or ordinary meaning of this term, which is thus defined; “ That which belongs to something else; an adjunct; an appendage; something annexed to another thing more worthy; in common parlance and legal acceptation, something belonging to another *544 thing as principal; and which passes as incident to it, as a fight of way or other easement to land.” We think that it has not been the ruling of courts or the understanding of the profession that the statute gives to a person who plows and sows a field with grain, or performs aDy like labor, or furnishes'materials therefor, a lien on the land on which it is done;
Ramsey, Maxwell & Ramsey, for plaintiff’ in error.
Hides & Maulsbury, for defendant in error.
But if it be conceded that the word “ appurtenance ” applies to such a piece of work, the evidence submitted was not-sufficient to show that the defendant had knowledge that the work was being done under a contract with her husband, so as to make it obligatory upon her to object thereto, and on failure to do so, have him deemed to be her agent to make-such contract.
Our conclusion is, that the trial court erred in admitting the written contract in evidence ; in the charge given to the jury, and in refusing to set aside the verdict on the ground that it was against the evidence. The judgment will be reversed, and the cause remanded for a new trial, or for such-other proceedings as may be warranted by law.'